there are two issues in this case both about the guidelines calculations first there's the pattern enhancement and second there's the five level distribution enhancement for the pattern enhancement the parties are in agreement that the district court plainly aired based on the present record the guidelines definition for indecency with a child includes that conduct and the government didn't produce any evidence in this case about Mr. Lopez's conduct so it could have been touching through clothing. Ms. Shepard if we if we agree with the parties that the pattern enhancement was incorrect as has been conceded do we automatically need to remand for resentencing if it was in the if it would the correct sentence would be in the same would be in the range in which the person was sentenced or I understand it was at the low end and now that there's still like a 20-month differential between the low end of the new range so I so can you answer that question yes it's even though the sentence of 360 months is within the range of 324 to 405 the court would still need to remand for resentencing because under Morales Morales and Molina Martinez and Rosales Morales the third and fourth prong in this case are met when the district court didn't say much about why it was imposing the sentence and imposed the sentence that corresponded precisely to the low end of that incorrect higher range and that is a situation where this court has remanded on the third prong because there is an effect on substantial rights in that situation because he could get 320 months instead of 360 months is that basically the calculation on your and your colleague is kind of nodding to so I think that's okay right so there's an effect on substantial rights even in that situation and there are cases from this court that say that and then also on the fourth prong there's the risk of unnecessary deprivation of liberty because of that difference in the guidelines there so if we were to agree with you to remand would we authorize the district court to hear additional evidence on remand no we would ask the court to remand for resentencing under the lower guidelines range the government hasn't offered any special circumstances as to why it should be there should be an exception to the general rule from chemical and metal that the remand is with the present record in this case there wasn't any dispute that the government bore the burden to prove the enhancement the government wasn't prevented from presenting evidence in any way by the district court and the government hasn't offered a good reason as to why it didn't offer the evidence the evidence the probation office and the government both tried to get the offense reports in this case but weren't able to do so the conviction Brad conviction is 19 years old at this point and there was some sort of record-keeping change so under chemical and metal of the government shouldn't be given a second chance to try to produce the evidence and the court should remand for resentencing under the lower range okay can we address the the other enhancement absolutely for the distribution enhancement there is no dispute that mr. Lopez should receive the two level enhancement for knowingly distributing child pornography but the district court erred by applying the five-level enhancement under the text of the guidelines and its commentary as well as this court's decisions in Halverson and Placido the guideline was amended in 2016 and it now requires a quid pro quo agreement that the defendant distributed in exchange for valuable consideration from another person was there a quid pro quo agreement here because the PSR says that he joined chat rooms that require you to send child pornography to receive child part to receive child pornography are the child chat rooms in the same factual basis the same ones as in the PSR which you have that quid pro quo built into the chat room that he participated in there isn't a direct agreement in this case there's not a specific agreement between people like there was in the Fusido case where the defendant messaged the undercover agent and set up an implicit agreement to accept but it can be an implied agreement right there can be implied agreement but it does have to be a specific agreement between like a person to person agree person to person or person to people it could be multiple people but we just don't have evidence of a specific agreement in this case and the chat room evidence that we do have is similar to the file sharing that we had in the peer-to-peer file sharing that was in Halverson where this court held that the evidence was insufficient there the defendant had made child pornography images available on this peer-to-peer file sharing website or network application an undercover agent was able to download complete files from that person and the person Halverson got an advantage by doing that he got a benefit by sharing files in his own requests for downloads that he got preferential access and increased speeds so we got a benefit from sharing these files with this undercover agent what was missing in that case was an agreement with the agent well I thought Halverson has something more specific I thought in Halverson the special agent expressly stated that he had not sought any child pornography in return for the materials that had been given to the agent so in that case there was a specific disclaimer of quid pro quo whereas in this case it could be an implied agreement to do quid pro quo to be the Facebook messenger all of that there was a the agents testified that the that Halverson hadn't sought anything from the agent in return for sharing so the Halverson did get a benefit from sharing because he got this preferential access and increased speeds but he didn't ask for anything specific from that agent and in this case the chat rooms are also this generalized you join the purpose is to send and receive but there isn't any evidence of a specific request between two people again it could be implied but there isn't and again in like the facetio case that ended up being an implied agreement and then also the Jones case of the government sites and is it's brief there we had messages or chats between I believe it was an email where a user had emailed somebody and said hey I might be interested in trading could you send me something the defendant responded what would you like and then he sent something and that was another example of an implied agreement where you instead of this generalized hosting and downloading which is what wasn't enough and Halverson and what isn't enough in this case and again the guidelines commentary repeatedly emphasizes that it has to be with another person the Commission could have gone with the four circuits test in McManus when it amended the guideline in McManus the test had been that the defendant knowingly makes material in his possession available by some means with the specific purpose specific purpose of receiving valuable consideration it seems like the judge adopted the district court adopted the PSR right the PSR says he entered pornography images to receive additional child child pornography images doesn't the PSR state that yes if the PSR says that and that was adopted by the district court then we have to say that there was a requirement for him to submit child pornography images to receive additional right but there wasn't and that's it's similar to Halverson in that there's this generalized posting and downloading that happens but there isn't a specific agreement we don't know how many people were in this chat room we don't know that he was posting and somebody else downloaded that and then he also was able to get again if everyone if everyone's proceeding to the chat room under the same terms I mean couldn't that be the ground for an implied agreement among them all there has to be under the text of the guidelines commentary a specific agreement between people three times they say in that commentary definition has to be with another person did he am I remembering this right did he also exchange images and things on via Facebook messenger the there's a line in the factual basis at the rearrangement where there's something about him using Facebook messenger and doing exchange in my view that's an ambiguous statement under this courts decision and Lee a district court clearly errors by relying on an ambiguous statement in the factual basis in this case mr. Lopez it was also extraneous mr. Lopez wasn't charged with distribution he was charged with transportation well but I mean the Facebook messenger message would be to a specific person would it not it could be there just isn't really evidence about that in this case it's not in the PSR and the way that the line that the prosecutor read at the fact at the rearrangement is not specific enough it's not like Jones where there's these chats where people someone is initiating an exchange or in Fusido where the defendant is initiating a specific person-to-person agreement between two people and in Fusido the court described that the it has to be that the distributor intended to receive from the same person that they're distributing to and not some third party so when you have this chat room or this peer-to-peer network application it's this it's not from the same person you might be able to you know you post but then and you're able to access downloads but it's not this person-to-person back-and-forth quid pro quo agreement which is what the Commission decided was more culpable and deserving of the higher enhancement and again he does get the two-level for knowing distribution it's when there's this specific arrangement the specific agreement that what's the Commission was after well it's not clear that the peer-to-peer file sharing networks conflict with the guideline commentary I think that's an assumption that we haven't yet determined the court held in Halverson the evidence was insufficient but that was a specific thing where the person said I didn't give the test their specific testimony and findings in that case that make it different what the well I don't think it's my reading of that case isn't as specific I think it's that the agent testified that he hadn't Halverson hadn't asked him for anything he Halverson didn't say I don't want anything from you Halverson's didn't make that request and so that what was what was missing in that case was the specific agreement between two or a person-to-person agreement the quid pro quo you agree that it can be implicit yes it can be implicit for example it's not that it's not at all clear that why do you believe that the law doesn't allow it in this context to be found by the district court on this record I can you explain it one more time sure yes in this case what we have is a generalized posting and downloading and that is not a specific agreement that's required or the text of the guideline commentary even when you know that on the posting and downloading that the site itself requires that the site requires posting to not get kicked out of the group yes that's that's to be in this terrible group you must agree that's part of being in the group right and I think what we have here is what again in the Fusido case the court explained how the 2016 amendment clarified that the distributor must have sent the pornography with the intent that the receiver and not some third party give valuable consideration in return and in Fusido they had the messages from the defendant to turned out to be an undercover agent where they were setting up this agreement it was implied the agent wasn't particularly responsive it wasn't this like completely spelled out you give this to me I'll give this you know this is once I send it to you send it back so it was an example of an implied agreement but there was this direct contact between people setting it up as a quid quo pro agreement instead of this generalized downloading generalized posting that it's not sufficient you know I don't think they're gonna sign a written explicit contract right you know so we can infer that you agreed to be on this and that's the terms and then then he must have implicitly agreed to exchange porn to remain in the chat room I would add that if the Commission had wanted to make this easier and not emphasize this person-to-person agreement they could have written a different test I don't think it says person-to-person in the way that wouldn't be people on a chat room that's peer-to-peer on a chat room is good enough isn't it no and it's because it's similar to the peer-to-peer peer-to-peer networking application that was in I okay thank you I think you've answered our question I'm not I may not I'm a quibble with you but I think you've done a good job explaining so and I would just add that the Fourth Circuit I started to make this point already but if I could just say it one more time in McManus the Fourth Circuit had adopted a test where it was the defendant knowingly made child pornography in his possession available to others by some means and did so for the specific purpose of obtaining something of valuable consideration and in Morehouse the Fourth Circuit explained that the Commission's amendment didn't adopt that test I think under that test we would have the enhancement would apply but instead the Commission went a different way and decided that there had to be this distribution to another person with a specific person purpose of obtaining valuable consideration from that other person with whom he traded which is what this court had held in Halverson and I have reserved some time for rebuttal if there are no further questions thank you Mr. Gagliardi. May it please the court, Seth Gagliardi for the United States. The government concedes that the district court below did err in applying the enhancement for a pattern of sexual exploitation of a minor or sexual abuse of a minor however the government maintains the district court did not err in applying the enhancement for distribution of child pornography in exchange for valuable consideration the proper remedy in this case is for this court to remand for resentencing without specific instructions to the district court. As for the first issue the why does the government get a second bite at presenting the evidence to support the first enhancement? Yes sir I understand and there's some there was some briefing especially more briefing in the reply brief by Mr. Lopez about chemical and metals and chemical and metals is distinguishable as was pointed out in the Hernandez case which is 48 fed forth 367 it stated that chemical and metals is distinguishable that case did not remand at all. Is that a new case you're citing today? No Hernandez is in the Mr. Lopez's opening brief and Mr. Lopez's reply brief your honor and Hernandez even Mr. Lopez in his reply brief pointed out that chemical and metals is distinguished in Hernandez because chemical and metals was not a remand case what they did in that case was modify the fine and restriction order and otherwise affirm the case further Hernandez stated that there was a special circumstance in that case and that was that the government's burden was unclear for the basically the same reason that we are holding that we should be able to present additional evidence here which is that Mr. Hernandez below did not object so it was on plain error and the report there stated that Hernandez ignored the fact that he previously seemed to take this same view that the government's burden had been met that's the same situation we have here where we're on plain error Mr. Lopez did not object to whether or not we had met our burden below and the parties below did believe we met our burden. Don't be getting kind of it backwards it used to be that that was a real exception to allow the government to get a do-over and that you had to have special circumstances under Villalobos and other cases like that that we used to be the presumption since the 18 years I've been on the court was that you would not get a do-over unless you had a reason and now there's kind of we've had some change in that is do you do you recognize that and what Judge Elrod I respectfully understand a confusion because there have been different opinions in this court discussing whether or not it was appropriate for every sentencing for there to be additional evidence admitted we cited in our brief Romero which stated it's 112 fed 4309 which stated that district court should reconsider any new evidence from either party relevant to the issues raised on appeal when a case is remanded for resentencing without specific instructions which this court does regularly and that was a citation or a quote from another case we cite in our brief Corrales V. Alta 617 fed 332 which is a 2010 case and one of the things one of the ways this court chemical and metals in the Hernandez case was stating that Corrales V. Alta was prior panel precedent and to the degree that they conflicted at all Corrales V. Alta was the dominant case which would be precedent additionally there is after the reply brief I did look for additional cases there is a case that I would draw your attention to that is not cited in our brief just for educational purposes it is unpublished it's Lopez Cano 516 federal appendix 350 it's a 2013 case it is unpublished before you came up here today what's that you give this to opposing counsel I did not your honor you thought you might be talking about it that you brought the site with you you might have given it to them ahead of our I appreciate that your honor it collects three business days to file a 28 J with that or responsive case if they wish so go ahead I understand that your honor and I and I should have done that and I apologize I apologize to counsel it collects cases prior published cases where it's and it specifically states again that chemical and metal is distinguishable and that this court takes a different approach to sentencing decisions based on the facts of prior convictions routinely remanded for resentencing and allowing the government to supplement the record with charging documents to establish the challenge enhancement based on prior convictions can we go through the factors that are outlined in the via Lobos case was the government's burden unclear here that was what Hernandez found in that case and Hernandez I'm asking you in this case was the government's burden in this case I would say our burden was unclear and I'll explain why good very similar to the Hernandez case the Hernandez case said that the burden was unclear government's burden was unclear based on the fact that mr. Hernandez had the same view and did not object below I would point to the enhance what is that I'm sorry here not in mr. Hernandez I understand what is the number so what's the government's burden unclear here I there is no prior published opinion about this enhancement and its interaction with Texas penal code involved here which is indecency with a child by sexual contact we do point to an unpublished case called acid or in our brief which involved a prior version of the enhancement which had more lenient language about which convictions would satisfy it okay what about number the second factor did the trial for prohibit discussion of no your honor it was not prohibited discussion was the evidence for good reason unavailable it was unavailable at that time and I'll and there is very good reason why the government in a case like this a child conviction involving minor victims would not make additional efforts you know in order not to re-victimize those minor victims to come testify when offense reports are indictments or informations or complaints are not available the option would be to call a minor victim there's also are you planning to do that and I mean on remand if you get a do-over if we possibly can your honor yes you're gonna do that if we if we need to and have to we will enter and can we will your honor I thought that the records are unavailable so you don't even know our information at the time was that the records were unavailable and we did not call a witness because we information now we believe information now may be available your honor and that is the risk that mr. Lopez takes in on plain error advancing his argument okay it provides a perverse incentive also your honor not to allow the government to present additional evidence for a defendant to lay behind the log wait for appeal not object below not put the government on additional notice that he's objecting the enhancement and then on appeal say it's all over you can't supplement you can't go back it just provides a perverse incentive for the defense to lay behind the log on these issues do you have anything else on that point or do you want to move to distribution we can move the distribution enhancement your honor and your honor is correct to distinguish Halverson in this case the district court did not err in applying the distribution in exchange for valuable consideration because it is significantly different than the Halverson Halverson case as your honor pointed out involved a specific admission by the agent in that case that there was no exchange there was no interaction and it involved a peer-to-peer network these chat rooms that mr. Lopez was involved in are very different than the peer-to-peer networks they involved a direct distribution into the chat room and not only to access that chat room but then to gain the child pornography that's available in that chat room from other individuals as your honor pointed out the agreement can be implicit as this court stated in Fusido and as your honor on a recent decision how which followed Fusido also recognized that it can be an implicit agreement the involvement in these chat rooms as noticed in the PSR in the record at ROA 581 PSR paragraphs 21 through 24 is that mr. Lopez distributed child pornography to gain access to these chat rooms and to trade child pornography in these chat rooms although there is no direct explicit evidence in this case as your honor pointed out that is not required there can be circumstantial and implicit evidence and it can be inferred from the information on the PSR which was not contested and was not rebutted by testimony by mr. Lopez and I think I heard miss miss Shepard acknowledged that it can be implicit yes your honor and I heard that as well and while I'm not objecting that it can be implicit it seems that mr. Lopez is briefing both below and as objections below and as argument the briefing is that there has to be more direct evidence of an agreement that's what I understand I understand that they have to acknowledge that it's it can be an implicit agreement but they seem to be asking for more and I think it's important to point out that this is a factual finding reviewed for clear error but I think she used the language she says there's no evidence of a specific agreement I'm not sure what the word specific means but but it can be implicit but it has to be specifically I'm not sure either your honor because I don't think that additional language and that higher burden is is in the enhancement and the amendment 801 in 2016 to this to this enhancement was meant to hold people accountable for the higher mental culpability for distributing so they could get valuable consideration it's important to recognize that that valuable consideration is not only channel pornography but preferential access to child pornography and one of the things these chat rooms permit is preferential access to this environment which where child pornography is traded and it very specifically in the PSR states that mr. Lopez had to submit child pornography in order to gain access to these chat rooms so that's a factual finding the district court adopted yes so we can't look behind that at this stage no your honor unless it was clear error and there's not evidence that that's clear error and the standard your honor is that as long as it is plausible in light of the record as a whole that this court will affirm this court will not overturn that factual finding unless it's left with the definite and firm conviction that a mistake has been made can you address this I understand miss shepherd to be arguing with her argument about specific versus the versus it can be implied but also specific but the specific refers to a specific person specific individual it's not a specific agreement that's spelled out but it's a specific person and then that really that that's that we would run afoul of the commentary can you address specific individual that can you address that point specifically I can your honor absolutely and procedo made clear that the agreement has to be for an exchange from us from an individual not a third party not an expectation that some third party rule will provide you and that's where I think jones wilson's observation comes in as far as the facebook messenger exchange that's admitted at the rearrangement and that's rear roa 111 to 113 mr lopez acknowledges that that factual basis was accurate and one of the things that that factual basis states is that it was his email connect to the facebook messenger that was used to exchange child pornography and that the facebook messenger is a direct messaging app that is an exchange he's acknowledging in the are in the rearrangement hearing in the factual basis that there was an exchange additionally the individuals controlling access to this chat room are a person are some person that requires him to submit child pornography to gain access to the chat room that's a reasonable inference from the psr which the district court is allowed to make could it be a bot even if it's a bot your honor somebody programmed that bot to demand that he submit in order to gain access so even if it is a bot somebody is behind that bot demanding this so that would comply with the commentary yes your honor that would comply with the commentary and as far as the admission at the rearrangement that he did exchange through facebook messenger i know that mr lopez has brought up the lee case which was judge wilson's case as far as whether that's ambiguous i'll just first state that i don't think that there's any ambiguity in that statement in the factual basis at the rearrangement i think it's very clear that he says it's his email connected to the facebook messenger app that's used to exchange now the issue in the lee case was an enhancement for use or well was for maintaining a drug premises and the rearrangement had language that varied between whether or not mr lee used or maintained a drug premises and judge wilson found that the record was devoid other other than this rearrangement hearing of any real subset of evidence that mr lee was the one manufacturer maintaining the drug residence rather it was a co-defendant or another defendant that maintained while mr lee the evidence was that mr lee was one of the people that used it so that was the that was the ambiguity in that case and there is no such ambiguity in this case thank you do you have anything else for these reasons the government would ask that this court remand for resentencing based solely on the pattern enhancement and allow the government to admit additional evidence thank you miss shepherd you said time for rebuttal with the um remand issue the government has conflated two distinct questions in romero and carales via ralta the question was what does the mandate mean from this court's previous decision and the question before this court in this case is what should the mandate say so romero does not help the government's argument because in that case when the court did remand without specific instructions the district court acted within its discretion to take new evidence but here the it's come up on appeal what the mandate should say and whether the court should remand for additional evidence or remand for resentencing under the lower guidelines range and that's where chemical metal comes in and via lobos where the court laid out these factors and the government hasn't satisfied those factors it didn't even raise the factors in its brief and has instead made those arguments for the first time here at oral argument in chemical and metal also the government tried to argue that plain error was a special circumstance justifying remand for additional evidence and the court rejected that argument and held that that did not qualify as a special circumstance when it's plain error then we have to go through all four prongs of plain error to get the remand and the government has conceded in this case that all four prongs are met so uh mr carliardi points out that chemical and metals is distinguishable in his view because there was no remand there and he refers to the hernandez discussion of chemical metals right and again with romero and hernandez as well it's the issue of what what should what did the mandate mean not what should the mandate say and that's how that case is distinguishable but in chemical and metal the court was trying to get the government was trying to have the court issue a mandate that said we get another try and that's what they're trying to do in this case so those that's the case that's on point and um the government's burden was clear it always has the burden to uh prove by preponderance when there's enhancements involved and that's what was in this case and again there's no reasonable dispute that as far as the second prong of plain error that the government failed to meet its burden in this case the government was not prevented in any way from the by the district court from presenting new evidence and they haven't offered a good reason as to why the evidence was previously unavailable again this the prior conviction involved a 19 year old case um and the government's burden was clear it also hasn't tried to supplement the record on appeal which it does do in some cases when it has other evidence to present uh and as far as the new case i have not i'm not familiar with that case so i will take the court up on the offer to file a 28 j within three days to address that case uh and so that's all i have if we would ask the court for those reasons to remand for resentencing without allowing the government to present new evidence thank you we have your argument we appreciate both arguments in this case today and it's submitted the next case for today